IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY HALL, #320-881 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. DKC-10-1877 |
| C. BARB, et al., | * | |
| Defendants | | |
| | *** | |

**MEMORANDUM OPINION**

Pending are Defendants[1] C. Barb, L. Imer, J.P. Morgan, and J.F. Nastri's Motion to Dismiss or for Summary Judgment (ECF No. 11), and Plaintiff's response (ECF No. 13). Upon review of the papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

**Background**

According to Plaintiff's unverified complaint, on December 13, 2008, he reported to the medical tier at the Western Correctional Institution ("WCI") in order to submit to urinalysis. Plaintiff presented Officer Barb with his identification so that he could submit to the test. Barb denied Plaintiff the opportunity to take the test, handcuffed Plaintiff, and advised him that he would receive an adjustment for refusing to submit to the urinalysis. Plaintiff advised Barb that he had not refused to take the test and would in fact submit to the testing. Barb escorted Plaintiff to Lt. Wiers who ordered Plaintiff to comply. Plaintiff states that Barb interjected, advising Wiers that Plaintiff refused to comply, placing Plaintiff on administrative segregation, and charging him with an inmate

---

[1] Plaintiff's initial complaint named "Attorney General" as Defendant. Plaintiff's complaint against the Office of the Attorney General shall be dismissed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus,

rule violation. Plaintiff states that Barb and Wiers violated Division of Correction Directives concerning issuing a notice of rule violation for refusal to submit to urinalysis. Plaintiff states that his due process rights were violated when he did not receive a disciplinary hearing for 27 days, and again during his infraction hearing when the hearing officer denied his request to call a witness, and made a decision based on insufficient evidence. Plaintiff states that he lost his job and four months of good conduct credits. He seeks restoration of his job and good conduct credits, as well as damages. ECF Nos. 1 & 4.

The uncontroverted record reveals that on December 13, 2008, Plaintiff was issued a Notice of Inmate Rule violation from Officer Barb. ECF No. 11, Ex. A. The infraction stated that Plaintiff was ordered to submit a urine specimen and refused to do so, saying "I told you I ain't pissing." Plaintiff was served with the notice of infraction on that same date. He requested Ressesser and Lt. Wiers as witnesses.

Plaintiff's disciplinary hearing was held before Hearing Officer Nastri on January 7, 2009. *Id.*, Ex. A. The hearing record demonstrates that Plaintiff did not elect to call witnesses during the hearing and that in any event Officer Nastri found the requested witnesses were irrelevant to the proceedings. Officers Barb and Imer's reports were submitted as evidence. Imer's report indicated that he heard Plaintiff refuse to give a urine sample. Plaintiff maintained that he did not refuse. Based upon the officers' reports and finding Plaintiff's versions of events not credible, the hearing officer found Plaintiff guilty of violating Rule 115, refusing to provide a urine sample. He was sentenced to 150 days of segregation and 120 good conduct credits were revoked. The hearing officer's decision was affirmed by the Warden on January 26, 2009. *Id.*

---

Plaintiff's complaint against the office of the Attorney General is barred by the Eleventh Amendment.

Plaintiff appealed this determination to the Inmate Grievance Office.[2] *Id*., Ex. B & C. Plaintiff complained that he was denied witnesses and a timely hearing. The grievance was heard by an Administrative Law Judge (ALJ) who found that Plaintiff waived both issues during his hearing by waiting until the conclusion of the hearing, when the hearing officer rendered his decision, before complaining about the lack of witnesses. The ALJ dismissed the appeal, finding that the hearing officer did not commit procedural error in denying the witnesses and denied and dismissed Plaintiff's claim as meritless. Plaintiff's petition for judicial review of this decision in the Circuit Court for Allegany County was denied. *Id*.

**Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action"

---

[2] Plaintiff filed three grievances with the IGO regarding his disciplinary proceedings. IGO No. 20090181 was filed as an appeal taking issue with the timeliness of the disciplinary hearing and denial of witnesses. This appeal proceeded as indicated above through review by the Circuit Court.
    IGO No. 20090562, filed on February 20, 2009, was unclear whether the grievance concerned Plaintiff's treatment on disciplinary segregation or the manner in which he was required to submit to a urine specimen on December 13, 2008. He was asked to clarify the nature of his grievance. He failed to do and the grievance was dismissed.
    IGO No. 20092306, filed on October 8, 2009, was an appeal of the guilty finding of the January 7, 2009, rule violation hearing. Plaintiff was directed to provide a copy of the disciplinary paperwork. He failed to do so and the grievance was dismissed. ECF No. 11, Ex B& C.

or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

The court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

4

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to...the nonmovant, and draw all inferences in h[is] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**Due Process in Disciplinary Hearings**

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Plaintiff received all the process he was due. He was given timely advance written notice of the infraction and was permitted to attend

5

the disciplinary hearing and to call witnesses on his own behalf. He also received written findings of the hearing officer. Moreover, the hearing officer's determination of guilt was based upon some evidence, i.e. review of Plaintiff's testimony, staff testimony, and the written record, upon which the hearing officer based determinations as to credibility and demeanor.

Plaintiff's contention that he was denied certain witnesses does not state a due process violation. "[T]here is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton*, 344 F. 3d 674, 677 (7th Cir. 2003). The hearing office noted that Plaintiff had listed witnesses but never elected to call witnesses during the hearing. The hearing officer further noted that the witnesses "were not reporting officers and [their testimony] would have had no relevance regardless." ECF No. 11, Ex. A-3.

Petitioner's contention that his hearing was untimely and was in violation of the Code of Maryland Regulations and DCDS, demonstrates no prejudice and no claim of constitutional dimension. The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due."). Plaintiff's contention that he did not receive a hearing on the charges within seven days of receipt of the notice of rule infraction, per DOC rules, does not establish a due process claim, and Plaintiff has not pointed to any prejudice due to the delay.

To the extent Plaintiff contends that his placement on disciplinary segregation violates his rights, his claim likewise fails. In general, prisoners do not have a constitutional right to demand to be housed in one prison setting verses another. "[G]iven a valid conviction, the criminal defendant

6

has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id*. As a prisoner, Plaintiff is not entitled to the process due to persons who remain at liberty. "Prisoners held in lawful confinement have their liberty curtailed by definition, so the procedural protections to which they are entitled are more limited than in cases where the right at stake is the right to be free from confinement at all." *Wilkinson v. Austin*, 545 U.S. 209, 225 (2005). He is not entitled to an adversarial hearing, witnesses, evidence introduction, or other trappings of a full trial. The undersigned finds that the process afforded to Plaintiff in his adjustment proceeding, prior to placement on disciplinary segregation, met with minimal constitutional standards.

**Respondeat Superior**

Plaintiff's complaint against Warden J. P. Morgan is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit

authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Warden Morgan that resulted in a constitutional injury, and accordingly, his claims against him shall be dismissed.

## Conclusion

In light of the above analysis, Defendants' Motion to Dismiss or for Summary Judgment shall be granted as to all claims. A separate Order follows.

Date: __March 24, 2011__                         __/s/__
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge